UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Jose L. Linares |
| | : | Crim. No. 09-414 (JLL) |
| v. | : | |
| | : | CONTINUANCE ORDER |
| GEJSI SIKO and | : | |
| GENTIAN NACI | | |

This matter having come before the Court on the joint application of Paul J. Fishman, United States Attorney for the District of New Jersey (by David E. Malagold, Assistant U.S. Attorney), and defendantS Gejsi Siko (by John Berg, Esq. and Stacey Biancamano, Esq.) and Gentian Naci (by Bruce Rosen, Esq.) for an order granting a continuance of the proceedings in the above-captioned matter, and the defendant being aware he has the right to have the matter brought to trial within 70 days of the date of the indictment pursuant to Title 18 of the United States Code, Section 3161(c)(1), and as the defendant has requested and consented to such a continuance, and for good and sufficient cause shown,

IT IS THE FINDING OF THIS COURT that this action should be continued for the following reasons:

    i.    Plea negotiations regarding a possible disposition are currently in progress, and both the United States and the defendant desire additional time to meet and confer regarding a disposition, which

would render trial of this matter unnecessary and save judicial resources;

ii. Defendants have consented to and requested the aforementioned continuance;

iii. Counsel for the defendants request additional time to investigate and prepare the case;

iv. Pursuant to Title 18 of the United States Code, Section 3161(h)(7)(A), the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial;

v. Pursuant to Title 18 of the United States Code, Section 3161(h)(7)(B)(i), failure to grant this continuance would result in a miscarriage of justice; and

vi. Pursuant to Title 18 of the United States Code, Section 3161(h)(7)(B)(iv), failure to grant this continuance would unreasonably deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

WHEREFORE, on this 14th day of January, 2010.

IT IS ORDERED that trial in this matter is continued from January 17, 2011 to March 21, 2011;

IT IS FURTHER ORDERED that the period from January 17, 2011,

through March 21, 2011, inclusive, shall be excludable in computing time under the Speedy Trial Act of 1974, pursuant to Title 18, United States Code, 3161(h)(7);

Nothing in this order shall preclude a finding that additional periods of time are excludable pursuant to the Speedy Trial Act of 1974.

Motions must be filed by _February 14, 2011_
Responses due _February 28, 2011_
Replies due _March 14, 2011_
A hearing shall be held on _March 21, 2011_

_____
HON. JOSE L. LINARES
United States District Judge

Consented to by:

_____
JOHN BERG, ESQ.
STACEY BIANCAMANO, ESQ.
Counsel for Defendant Gejsi Siko

_____
BRUCE ROSE, ESQ.
Counsel for Defendant Gentian Naci

through March 21, 2011, inclusive, shall be excludable in computing time under the Speedy Trial Act of 1974, pursuant to Title 18, United States Code, 3161(h)(7);

Nothing in this order shall preclude a finding that additional periods of time are excludable pursuant to the Speedy Trial Act of 1974.

Motions must be filed by _February 14, 2011_
Responses due _February 28, 2011_
Replies due _March 14, 2011_
A hearing shall be held on _March 21, 2011_

HON. JOSE L. LINARES
United States District Judge

Consented to by:

_____
JOHN BERG, ESQ.
STACEY BIANCAMANO, ESQ.
Counsel for Defendant Gejsi Siko

_____
BRUCE ROSEN, ESQ.
Counsel for Defendant Gentian Naci